## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Catrina Hooper, | **Civil File No.** _____ |
| Plaintiff, | |
| vs. | **COMPLAINT**<br>**JURY TRIAL DEMANDED** |
| City of St. Paul, | |
| Defendant. | |

## I. INTRODUCTION

1.      Plaintiff, Catrina Hooper, is a deaf woman who attempted to file domestic assault charges against her mother with the St. Paul Police Department (the Department). When she asked the Department to provide a qualified American Sign Language (ASL) interpreter for the meeting at which she was to prepare and file her charge, the Department told Ms. Hooper it would only use Police Officer Chad Koch to interpret communications with her.  Officer Koch is not a qualified interpreter.  Despite Ms. Hooper's objection to using a police officer who was not qualified as an interpreter, when she appeared at the Police Station for the scheduled meeting to file her charge, the Department provided Officer Koch to be the "interpreter".  However, instead of allowing Ms. Hooper to prepare and file her domestic assault charge, the St. Paul Police Officers arrested her.

2.      The Department arrested Ms. Hooper a second time, on October 10, 2014, for the same alleged offense.  Despite Ms. Hooper's requests for an interpreter, the

Department did not provide an American Sign Language (ASL) interpreter for significant communications with her in connection with her arrest. There were no exigent circumstances that prevented the Defendant City of St. Paul from providing a qualified interpreter at the time of either of her arrests.

3.      In addition, Defendant did not provide Ms. Hooper with equal access to and benefit from a service it provides to other people: It failed to allow Ms. Hooper to make a domestic assault charge and give a statement when she requested a qualified interpreter to provide effective communication for making the charge.

4.      Plaintiff's lawsuit is not the first complaint that Defendant City of St. Paul has received regarding the failure of the St. Paul Police Department to provide appropriate auxiliary aids and services, including ASL interpreters, to people who are deaf, and regarding its failure to allow people who are deaf to make statements when they requested a qualified interpreter to do so. Prior to the incidents described in this Complaint, Douglas Bahl (a man who is deaf) filed discrimination charges with the Minnesota Department of Human Rights, and later filed a lawsuit against the Defendant, when it failed to provide a qualified interpreter for communications with him, and did not allow him to give a statement to the police with a qualified interpreter. On April 23, 2013, the Defendant signed a settlement agreement to resolve the complaint made by Mr. Bahl. In the Settlement Agreement, Defendant agreed to provide qualified and certified ASL interpreters in the future for communications with people who are deaf. Defendant also agreed to implement certain policies and procedures to ensure they would comply with the law and ensure that interpreters and other auxiliary aids would be provided. A

2

true and accurate copy of the Settlement Agreement (*Douglas Bahl, et al v. County of Ramsey and Ramsey County Sheriff's Department*) is attached to this Complaint as Exhibit A.

5.    Plaintiff brings this legal action pursuant to the Americans with Disabilities Act (ADA) (42 U.S.C. § 12132), the Federal Rehabilitation Act (29 U.S.C. § 794), the Minnesota Human Rights Act (MHRA) (Minn. Stat. § 363A.12) and Minnesota common law, to obtain all damages provided by the law.  Plaintiff also seeks to recover statutory attorney's fees incurred in bringing this action.

## II. RELATED CASES

6.    Plaintiff is in the process of beginning a related case in State District Court, specifically the Second Judicial District of the State of Minnesota, which will involve the same parties, the same factual incidents and similar legal claims, but which seeks only injunctive and declaratory relief, and does not seek recovery of damages as a remedy.

7.    Plaintiff will commence the State Court action described in Paragraph 6 of this Complaint because the Federal Court lacks jurisdiction to hear Plaintiff's request for declaratory and injunctive relief.  *See:  Greenson v. County of Dakota*, U.S. District Court File No. 12-CV-03128 (MJD/JJK) (ECF Documents 21 and 23).  Consequently, Plaintiff has filed this Federal Court lawsuit requesting only damages as a remedy.

## III. JURISDICTION AND VENUE

8.    This Court has jurisdiction over Plaintiff's case because it asserts claims based on federal statutes.

9.    Venue is proper within this District.

10.     Plaintiff filed a timely charge of disability discrimination against the Defendant with the Minnesota Department of Human Rights.  She commences this lawsuit within the time period required by Minn. Stat. § 363A.33, Subd. 1(3).

## IV.  PARTIES

11.     Plaintiff, Catrina Hooper, resides in Hennepin County, Minnesota.

12.     Plaintiff is an individual who is deaf.  Her hearing is severely limited.

13.     Plaintiff's primary language is American Sign Language (ASL), which she uses to communicate with hearing people and with other deaf people.  When she communicates with hearing people concerning significant and complex matters, such as legal matters, she uses an ASL interpreter to assure effective communication with people who are hearing and who do not use ASL.

14.     Defendant City of St. Paul ("the Defendant) is a political subdivision in the State of Minnesota, specifically it is a city.

15.     Defendant operates the St. Paul Police Department which is one of Defendant's programs and services, as that term is used by Minn. Stat. § 363A.12.

## V.  FACTS

16.     In September and October 2014, Catarina Hooper attempted to file domestic assault charges with the St. Paul Police Department.

17.     When Ms. Hooper contacted the Department to schedule a meeting to file the charge and give her statement, she asked the Department to provide a qualified interpreter for communications with her concerning the charge.

4

18.     The Department told Ms. Hooper it would use Officer Chad Koch, a St. Paul Police officer to interpret communications concerning the charge. Officer Koch is not a qualified interpreter.

19.     When Ms. Hooper objected and asked the Department to use a certified interpreter, the Department refused to do so and insisted on using Officer Koch as the interpreter.

20.     On September 25, 2014, Ms. Hooper appeared at the St. Paul Police Station for the scheduled meeting to file the domestic assault charge and give her statement.

21.     Defendant provided Officer Koch to interpret for this meeting with Ms. Hooper.

22.     The Department did not allow Ms. Hooper to give the statement or file the charge. Instead, St. Paul Police Officers arrested her at the St. Paul Police Station.

23.     Even though Defendant knew Ms. Hooper was coming to the St. Paul Police Station on September 25, 2014, and also knew that Ms. Hooper is deaf and had requested an interpreter, Defendant did not provide a qualified interpreter to communicate with her concerning the arrest, including communication concerning the reason for her arrest.

24.     After Ms. Hooper was released from jail, she continued to attempt to file a domestic assault charge and give a statement. She also attempted to complain about the Department's failure to take her statement and allow her to file the domestic assault charge, and to complain about the Department's failure to provide a qualified interpreter to communicate with her.

25.     St. Paul Police Officers called Ms. Hooper on several occasions in October 2014 inviting Ms. Hooper to come to the St. Paul Police Department and make her complaint.

26.     Instead of allowing Ms. Hooper to submit her statement and to file the domestic assault charge she wished to file, St. Paul Police Officers again arrested Ms. Hooper on October 10, 2014.  The Department did not provide any interpreter to communicate with Ms. Hooper concerning this second arrest.

27.     Defendant's actions described in Paragraphs 16 - 26 of this Complaint, subjected Plaintiff to illegal discrimination based on disability.

28.     As a result of Defendant's actions, its failure to act, and its policies and practices, Plaintiff has suffered, and continues to suffer, emotional injuries, including but not limited to, humiliation, embarrassment, and anxiety.

## DEFENDANTS' PRIOR KNOWLEDGE OF ITS OBLIGATIONS

29.     Prior to Plaintiff's encounters with the St. Paul Police Department in 2014, other deaf people had made complaints concerning the Defendant's failure to provide ASL interpreters for communications with Police Officers, and for communications concerning arrests.  These complaints included a lawsuit filed by Douglas Bahl (*Bahl v. County of Ramsey, Ramsey County Sheriff's Department and City of St. Paul*, U.S. District Court File No. 08-CV-5001).

30.     Defendant entered into a settlement agreement on April 23, 2013, to resolve the *Bahl* lawsuit in which it agreed to comply with the state and federal laws by providing certified ASL interpreters for communication with people who are deaf concerning

arrests and statements. A true and accurate copy of the *Bahl* Settlement Agreement is attached as Exhibit A.

31. In the *Bahl* Settlement Agreement, the Defendant specifically agreed that when its officers meet with a person who is deaf in a scheduled meeting, it would only use ASL interpreters who hold certain minimum ASL certification requirements identified in the Settlement Agreement. (Section III and IV.C.2 of the Bahl Settlement Agreement, incorporating the definition of "interpreter" set forth in Section II.E of the Settlement Agreement).

32. In the *Bahl* Settlement Agreement the Defendant also specifically agreed that if it chooses to use a staff person to interpret communications with a person who is deaf, it will only use persons who have the minimum certification levels identified in Section II.E of the Bahl Settlement Agreement. (Section V.B of the Bahl Settlement Agreement).

33. The Defendant has adopted a policy requiring its Police Officers to use only certified ASL interpreters. A true and accurate copy of the policy of the St. Paul Police Department is attached as Exhibit B. (See Section III.B of the policy.)

## VI. FIRST CAUSE OF ACTION

## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT (ADA)

34. Plaintiff re-alleges the contents of Paragraphs 1 through 33 of this Complaint and incorporates their contents into this Cause of Action by reference.

35. Plaintiff is a person with a disability as that term is used by 42 U.S.C. § 12132.

7

36.   Defendant City of St. Paul is a public entity covered by Title II of the Americans with Disabilities Act (42 U.S.C. § 12132).

37.   Defendant is responsible for operating, managing and supervising the St. Paul Police Department ("the Department").

38.   Defendant's failure to provide a qualified interpreter to allow Plaintiff to file a domestic assault charge deprived Plaintiff of the equal opportunity to participate in and benefit from Defendant's service of allowing people to file domestic assault charges and violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

39.   Defendant's failure to provide an ASL interpreter to allow Plaintiff to file a domestic assault charge violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

40.   Defendant's failure to provide a qualified interpreter to interpret communications with Ms. Hooper concerning her arrest, including the reasons for her arrest, violated the prohibition against discrimination contained in Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

41.   Defendant's actions, omissions, policies and practices discriminated against Plaintiff on the basis of disability and denied her the equal benefit of its services,

programs and activities in violation of Title II of the Americans with Disabilities Act, 42

U.S.C. § 12132 and its implementing regulations (28 C.F.R. Part 35).

42.     Defendant acted with deliberate disregard for the rights of Ms. Hooper.

43.     As a result of Defendant's actions, omissions, policies and practices, and its

violations of Title II of the Americans with Disabilities Act, described in this Complaint,

Plaintiff suffered the harm described in Paragraph 28 of this Complaint.

## VII.  SECOND CAUSE OF ACTION

## VIOLATIONS OF THE FEDERAL REHABILITATION ACT

44.     Plaintiff re-alleges the contents of Paragraphs 1 through 43 of this

Complaint and incorporates them into this Cause of Action by reference.

45.     To the best of Plaintiff's information and belief, Defendant is an entity

which receives funding from the United States Government for the operation of its Police

Department and is, therefore, covered by the Federal Rehabilitation Act (29 U.S.C. §

794).

46.     Plaintiff is a person with a disability as that term is used by 29 U.S.C. §

794.

47.     Defendant's failure to provide a qualified interpreter to allow Plaintiff to

file a domestic assault charge deprived Plaintiff of the equal opportunity to participate in

and benefit from Defendant's service of allowing people to file domestic assault charges

and violated the prohibition against discrimination contained in the Federal Rehabilitation

Act (29 U.S.C. § 794) and its implementing regulations.

48.     Defendant's failure to provide an ASL interpreter to allow Plaintiff to file a domestic assault charge violated the prohibition against discrimination contained in the Federal Rehabilitation Act (29 U.S.C. § 794) and its implementing regulations.

49.     Defendant's failure to provide a qualified interpreter to interpret communications with Ms. Hooper concerning her arrest, including the reasons for her arrest, violated the prohibition against discrimination contained in the Federal Rehabilitation Act (29 U.S.C. § 794) and its implementing regulations.

50.     Defendant acted with deliberate disregard for the rights of Ms. Hooper.

51.     As a result of Defendant's actions, omissions, policies and practices, and its violations of the Federal Rehabilitation Act, described in this Complaint, Plaintiff suffered the harm described in Paragraph 28 of this Complaint.

## VIII.  THIRD CAUSE OF ACTION

## VIOLATIONS OF MINNESOTA HUMAN RIGHTS ACT

52.     Plaintiff re-alleges the contents in Paragraphs 1 - 51 of this Complaint and incorporates their contents into this Cause of Action by reference.

53.     Plaintiff is a person with a disability as that term is used in Minn. Stat. § 363A.12.

54.     Defendant City of St. Paul is a public service, as defined by the Minnesota Human Rights Act, Minn. Stat. § 363A.03, Subd. 35 and as such is covered by the requirements of the public services provisions of the Minnesota Human Rights Act, Minn. Stat § 363A.12.

55.    Defendant's failure to provide a qualified interpreter to allow Plaintiff to file a domestic assault charge deprived Plaintiff of the equal opportunity to participate in and benefit from Defendant's service of allowing people to file domestic assault charges and violated the prohibition against discrimination contained in Minn. Stat. § 363A.12.

56.    Defendant's failure to provide an ASL interpreter to allow Plaintiff to file a domestic assault charge violated the prohibition against discrimination contained in Minn. Stat. § 363A.12.

57.    Defendant's failure to provide a qualified interpreter to interpret communications with Ms. Hooper concerning her arrest, including the reasons for her arrest, violated the prohibition against discrimination contained in Minn. Stat. § 363A.12.

58.    Defendant's actions, failures, policies and practices also failed to ensure Plaintiff program access to the programs, services and facilities of the St. Paul Police Department, in violation of Minn. Stat. §§ 363A.12 and 363A.03, Subd. 33.

59.    Defendant's actions, omissions, policies and practices have subjected Plaintiff to illegal discrimination by reason of her disability in violation of Minn. Stat. § 363A.12.

60.    As a result of Defendant's actions, omissions, policies and practices, and its violations of the Minnesota Human Rights Act described in this Complaint, Plaintiff suffered the harm described in Paragraph 28 of this Complaint.[1]

---

[1] The Minnesota Human Rights Act does not require Ms. Hooper to prove Defendant acted with deliberate disregard for her rights in order to prove a claim for compensatory damages. *See* Minn. Stat § 363A.33, Subd. 6 incorporating Minn. Stat § 363A.29, Subd. 4.

## IX.  FOURTH CAUSE OF ACTION

### NEGLIGENCE

61.    Plaintiff re-alleges the contents of Paragraphs 1 through 60 of this Complaint and incorporates their contents into this Cause of Action by reference.

62.    Plaintiff is a person disabled in communication as that term is defined by Minn. Stat. § 611.30.

63.    Defendant had a statutory duty to provide an ASL interpreter to communicate with Plaintiff concerning certain information required by Minn. Stat. § 611.32, including, but not limited to, information concerning the reason for her arrest, when its police officers arrested her on September 25, 2014 and October 10, 2014.

64.    Defendant failed to provide ASL interpreters in September and October 2014 to communicate to Plaintiff the information requested by Minn. Stat. § 611.32.

65.    As a result of Defendant's actions, omissions, policies and practices described in this Complaint, Plaintiff suffered the harm described in Paragraph 28 of this Complaint.

## X.  RELIEF REQUESTED

Plaintiff, therefore, respectfully requests that this Court issue the following relief:

1.    Award compensatory damages in an amount in excess of Twenty-Five Thousand Dollars ($25,000), pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4, the ADA, the Federal Rehabilitation Act and Minnesota common law;

12

2.    Award punitive damages in the amount of Twenty-Five Thousand Dollars ($25,000), pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4;

3.    Award treble damages, pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4;

4.    Order Defendant to pay a civil penalty pursuant to Minn. Stat. § 363A.33, Subd. 6, and Minn. Stat. § 363A.29, Subd. 4; and

5.    Award Plaintiff statutory attorneys' fees and expenses pursuant to Minn. Stat. § 363A.33, Subd. 7, the ADA, and the Federal Rehabilitation Act; and

6.    Award such other and further relief as the Court may deem reasonable and just.

**MID-MINNESOTA LEGAL AID**
**MINNESOTA DISABILITY LAW CENTER**

Dated:  July 30, 2017                s/Roderick J. Macpherson III
                                     Roderick J. Macpherson III (#66163)
                                     Attorneys for Plaintiff
                                     430 First Avenue North, Suite 300
                                     Minneapolis, MN  55401
                                     Telephone:  (612) 746-3731
                                     Facsimile:  (612) 334-5755
                                     E-Mail:  rjmacpherson@mylegalaid.org

13